1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL TILTON,                          No.  2:12-cv-02020 LKK DAD P

12                 Plaintiff,

13        v.                                   ORDER

14   EDMUND G. BROWN, et al.,

15                 Defendant.

16

17        Plaintiff is a California state prisoner, incarcerated at the La Palma Correctional Center in

18   Eloy, Arizona.  He is proceeding pro se and seeks relief pursuant to 42 U.S.C. § 1983.  This

19   action was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   **I. Filing Fee**

21        Plaintiff has not paid the filing fee of $350.00 or filed an application to proceed in forma

22   pauperis.  See 28 U.S.C. §§ 1914(a) & 1915(a).  Plaintiff will be granted thirty days to pay the

23   filing fee in full or submit a properly completed application to proceed in forma pauperis.  If

24   plaintiff submits an in forma pauperis application form, plaintiff is reminded that the form

25   includes a section that must be completed by a prison official, and the form must be accompanied

26   by a certified copy of plaintiff's prison trust account statement for the six-month period

27   immediately preceding the filing of this action.

28   /////

1

1   Plaintiff is also cautioned that should he proceed with this action by submitting the filing

2   fee or an in forma pauperis application, the undersigned intends to recommend that this action be

3   dismissed due to both his failure to state a cognizable claim in his complaint and improper venue.

4   **II. Screening Requirement**

5   The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

10   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

14   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

20   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   However, in order to survive dismissal for failure to state a claim a complaint must contain more

22   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23   allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

24   U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

25   allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

26   (1976). The court must also construe the pleading in the light most favorable to the plaintiff and

27   resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28   /////

**III.  Plaintiff's Complaint**

In his complaint, plaintiff asserts that his rights under the First, Sixth and Fourteenth Amendments were violated when, in August of 2011, officials at the La Palma Correctional Center (LPCC) promulgated and implemented new procedures concerning prisoners' use of the law and recreational library.  Under these new procedures, a non-priority prisoner user has only two-hours per week allotted time for law/recreational library use.  (ECF No. 1, ¶ 20 at 7.)  Prisoners may, however, request additional library time and if there is a vacancy, such additional time will be assigned on a first-come, first-served basis.  (Id., ¶ 38 at 14.)  Plaintiff alleges that the new policies result in underuse of the library.  (Id., ¶ 21 at 7-8.)  On September 13, 2011, plaintiff attempted to use the law library which was not fully occupied but was nonetheless denied access.  (Id., ¶ 26 at 8.)  On July 26, 2012, plaintiff again requested permission to use one of the vacant library terminals but was denied because his housing unit was not scheduled to use the library at that time.  (Id., ¶ 42 at 15-16.)

Plaintiff claims that the new procedures at LPCC violate his rights to access to the courts, freedom of expression, assistance of counsel, equal protection and due process.

**IV.  California Defendants**

In his complaint plaintiff has named the following California defendants:  Governor Brown, Secretary Cate of the California Department of Corrections and Rehabilitation (CDCR), Chief Deputy Kernan of the CDCR and Harman, the Chief of the Contract Beds Unit for the CDCR.

All of these defendants are sued in both their official and individual capacities.  However, under the Eleventh Amendment, defendants are immune from suit brought against them in their official capacity.  See Holley v. California Dept. of Corrections, 599 F.3d 1108, 1111 (9th Cir. 2010) (holding that for sovereign-immunity purposes, a suit against state officials in their official capacities is treated as a suit against the state of California).  Furthermore, the state has not waived immunity under the Eleventh Amendment for claims brought against it under § 1983 in federal court.  See Dittman v. California, 191 F.3d 1020, 1025-56 (9th Cir. 1999) ("[T]he Supreme
/////

3

1   Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment

2   immunity.").

3        As to plaintiff's claims against the California defendants in their individual capacities,

4   supervisory personnel are generally not liable under § 1983 for the actions of their employees

5   under a theory of respondeat superior and, therefore, when a named defendant holds a

6   supervisorial position, the causal link between him and the claimed constitutional violation must

7   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

8   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

9   involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of

10  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Here, plaintiff's claims against defendants Brown,

11  Cate, Kernan and Harman are based solely on their supervisory positions.  However, there is no

12  affirmative link or connection between each defendant's actions and the claimed constitutional

13  deprivations.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th

14  Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff has not alleged that

15  any of the defendants were personally involved in the promulgation or implementation of the

16  policies at LPCC, nor has he alleged that they were involved in denying plaintiff access to the law

17  or recreational library.  Therefore, plaintiff has failed to state a cognizable claim against these

18  defendants.

19  **IV.  Improper Venue**

20       Venue for federal claims is proper in the district in which (1) any defendant resides, if all

21  of the defendants reside in the same state, (2) the district in which a substantial part of the events

22  or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

23  of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

24  no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Here, the actions

25  about which plaintiff complains occurred in Arizona where the procedures were promulgated and

26  where plaintiff was allegedly denied use of the prison library.  See Marroquin v. Cate, No. C 11-

27  4535 SBA (PR), 2013 WL 451405, at *4 (N.D. Cal. Feb. 5, 2013) (concluding that venue for

28  plaintiff's claims concerning reasonable accommodations, medical treatment and access to the

courts at the La Palma Correctional Center is in Arizona); Ah Sing v. Dept. of Public Safety, No.

1:12-cv-00599 LEK/BMK, 2012 WL 5880918 (D. Hawaii Nov. 21, 2012) (concluding that

transfer of the case from Hawaii to Arizona was proper because Arizona is where plaintiff is

incarcerated, where his claims allegedly occurred, and that any contractual agreement between

CCA and the State of Hawaii is not determinative); Davis v. State of Hawaii, Civ. No. 08-00434

JMS-BMK, 2009 WL 1227841, at *4 (D. Hawaii May 4, 2009) (concluding that venue was

proper in Arizona where the Hawaii state prisoner/plaintiff was incarcerated and where he

allegedly was prevented from practicing his Native Hawaiian religion); See v. Corrections

Corporation of America (CCA), 525 F. Supp. 2d 1238, 1242 (D. Hawaii 2007) (rejecting

plaintiff's argument that venue was proper in Hawaii based on the contract between CCA and the

Hawaii Department of Public Safety (DPS) and the latter's responsibility to monitor the treatment

of Hawaii inmates, concluding that venue was proper in Mississippi where plaintiff allegedly

sustained injuries when he was attacked by other inmates).

Therefore, should plaintiff seek to pursue his claims against the named Arizona

defendants (Warden MacDonald, Associate Warden Stansel, Principal Carr and Vice-Principals

Prince and Del Sordi), he must file a new action in the U.S. District Court for the District of

Arizona.

**V.  Other Matters**

Plaintiff has filed a request for the appointment of counsel.  The United States Supreme

Court has ruled that district courts lack authority to require counsel to represent indigent prisoners

in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

exceptional circumstances, the district court may request the voluntary assistance of counsel

pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional

circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and

the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal

issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v.

Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack

1   of legal education and limited law library access, do not establish exceptional circumstances that

2   would warrant a request for voluntary assistance of counsel.  In the present case, the court does

3   not find the required exceptional circumstances, in particular, the likelihood of success on the

4   merits.  Therefore, plaintiff's motion for appointment of counsel will be denied.

5          Plaintiff has also filed two motions to amend and expand his complaint.  In his first such

6   motion, plaintiff seeks to correct the spelling of defendant Del Sorte's name[1], to add additional

7   defendants who are employed at La Palma Correctional Center, and to provide additional

8   allegations concerning his attempts to use the recreational and law library at LPCC.  (ECF No. 8.)

9   In his second motion, plaintiff seeks to substitute defendant CDCR Director Cate with his

10  successor Jeffery Beard, to include additional allegations concerning the rules for law library

11  access at LPCC, and a fourth claim for relief based on his First Amendment right to petition the

12  government for redress and his right to freedom of expression.  (ECF No. 9.)

13         Plaintiff's motions will be denied without prejudice as unnecessary.  Should plaintiff elect

14  to pursue this action by submitting the filing fee or in forma pauperis application, plaintiff may

15  file an amended complaint without leave of court.  See Rule 15(a) of the Federal Rules of Civil

16  Procedure (a party may amend the party's pleading once as a matter of course at any time before a

17  responsive pleading is served).

18         If he elects to file an amended complaint in this court despite the court's indication that it

19  would likely be subject to dismissal, plaintiff is also informed that the court cannot refer to a prior

20  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

21  an amended complaint be complete in itself without reference to any prior pleading.  This is

22  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

23  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

24  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

25  original complaint, each claim and the involvement of each defendant must be sufficiently

26  alleged.

27

28  _____
    [1]  The correct spelling for defendant is "Del Sordi."  (ECF No. 8, ¶ 2 at 1.)

1        Lastly, a request to file an amicus brief has been filed by inmate Earl Cannedy who is also

2   incarcerated at the LPCC.  (ECF No. 7.)  Mr. Cannedy provides an affidavit concerning his

3   attempt to access the law library on April 17, 2012, and his inmate grievance.  In light of the

4   court's finding that venue is not proper in this court with respect to plaintiff's claims concerning

5   the new procedures for law and recreational library use at LPCC in Arizona, this request will be

6   denied.  In addition, it appears that any amicus brief filed by inmate Cannedy would likely only

7   duplicate the factual information plaintiff has already provided in his complaint.  See Gabriel

8   Technologies Corp. v. Qualocomm Inc., Civil No. 08CV1992 AJB (MDD), 2012 WL 849167 at

9   *4 (S.D. Cal. Mar. 13, 2012) ("District courts have discretion to accept amicus briefs from non-

10  parties concerning legal issues that have possible ramifications beyond the parties directly

11  involved in the case or if the amicus has unique information or perspective that can help the court

12  . . . .  An amicus brief is meant to assist the court and not merely extend the length of the litigant's

13  brief.") (internal quotation marks and citation omitted).

14  **VI.  Conclusion**

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1.  Should plaintiff elect to proceed with this action in this court, he shall submit, within

17  thirty days from the date of this order, either the $350.00 filing fee or a properly completed

18  application to proceed in forma pauperis on the form provided with this order;

19        2.  Plaintiff's August 1, 2012 motion for the appointment of counsel (ECF No. 2) is

20  denied;

21        3.  Plaintiff's November 1, 2012 and March 20, 2013 motions to amend and expand his

22  complaint (ECF Nos. 8 & 9) are denied as unnecessary;

23        4.  Should plaintiff elect to proceed with this action in this court, within thirty days from

24  the date of service of this order, he shall file an amended complaint that complies with the

25  requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of

26  Practice; the amended complaint must bear the docket number assigned this case and must be

27  labeled "Amended Complaint";

28  /////

5.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

6.  The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a State Prisoner, and a copy of the court's form complaint for a § 1983 action.

Dated:  July 18, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tilt2020.3a+

8