UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TILTON,<br><br>              Plaintiff,<br><br>      v.<br><br>EDMUND G. BROWN, et al.,<br><br>              Defendant. | No.  2:12-cv-02020 LKK DAD P<br><br><br>ORDER |

Plaintiff is a California state prisoner, incarcerated at the La Palma Correctional Center in Eloy, Arizona.  He is proceeding pro se and seeks relief pursuant to 42 U.S.C. § 1983.  This action was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.  Filing Fee**

Plaintiff has not paid the filing fee of $350.00 or filed an application to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a) & 1915(a).  Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.  If plaintiff submits an in forma pauperis application form, plaintiff is reminded that the form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

/////

1

Plaintiff is also cautioned that should he proceed with this action by submitting the filing fee or an in forma pauperis application, the undersigned intends to recommend that this action be dismissed due to both his failure to state a cognizable claim in his complaint and improper venue.

**II. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

### III. Plaintiff's Complaint

In his complaint, plaintiff asserts that his rights under the First, Sixth and Fourteenth Amendments were violated when, in August of 2011, officials at the La Palma Correctional Center (LPCC) promulgated and implemented new procedures concerning prisoners' use of the law and recreational library. Under these new procedures, a non-priority prisoner user has only two-hours per week allotted time for law/recreational library use. (ECF No. 1, ¶ 20 at 7.) Prisoners may, however, request additional library time and if there is a vacancy, such additional time will be assigned on a first-come, first-served basis. (Id., ¶ 38 at 14.) Plaintiff alleges that the new policies result in underuse of the library. (Id., ¶ 21 at 7-8.) On September 13, 2011, plaintiff attempted to use the law library which was not fully occupied but was nonetheless denied access. (Id., ¶ 26 at 8.) On July 26, 2012, plaintiff again requested permission to use one of the vacant library terminals but was denied because his housing unit was not scheduled to use the library at that time. (Id., ¶ 42 at 15-16.)

Plaintiff claims that the new procedures at LPCC violate his rights to access to the courts, freedom of expression, assistance of counsel, equal protection and due process.

### IV. California Defendants

In his complaint plaintiff has named the following California defendants: Governor Brown, Secretary Cate of the California Department of Corrections and Rehabilitation (CDCR), Chief Deputy Kernan of the CDCR and Harman, the Chief of the Contract Beds Unit for the CDCR.

All of these defendants are sued in both their official and individual capacities. However, under the Eleventh Amendment, defendants are immune from suit brought against them in their official capacity. See Holley v. California Dept. of Corrections, 599 F.3d 1108, 1111 (9th Cir. 2010) (holding that for sovereign-immunity purposes, a suit against state officials in their official capacities is treated as a suit against the state of California). Furthermore, the state has not waived immunity under the Eleventh Amendment for claims brought against it under § 1983 in federal court. See Dittman v. California, 191 F.3d 1020, 1025-56 (9th Cir. 1999) ("[T]he Supreme

/////

3

Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.").

As to plaintiff's claims against the California defendants in their individual capacities, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Here, plaintiff's claims against defendants Brown, Cate, Kernan and Harman are based solely on their supervisory positions.  However, there is no affirmative link or connection between each defendant's actions and the claimed constitutional deprivations.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff has not alleged that any of the defendants were personally involved in the promulgation or implementation of the policies at LPCC, nor has he alleged that they were involved in denying plaintiff access to the law or recreational library.  Therefore, plaintiff has failed to state a cognizable claim against these defendants.

**IV.  Improper Venue**

Venue for federal claims is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Here, the actions about which plaintiff complains occurred in Arizona where the procedures were promulgated and where plaintiff was allegedly denied use of the prison library.  See Marroquin v. Cate, No. C 11-4535 SBA (PR), 2013 WL 451405, at *4 (N.D. Cal. Feb. 5, 2013) (concluding that venue for plaintiff's claims concerning reasonable accommodations, medical treatment and access to the

courts at the La Palma Correctional Center is in Arizona); <u>Ah Sing v. Dept. of Public Safety</u>, No. 1:12-cv-00599 LEK/BMK, 2012 WL 5880918 (D. Hawaii Nov. 21, 2012) (concluding that transfer of the case from Hawaii to Arizona was proper because Arizona is where plaintiff is incarcerated, where his claims allegedly occurred, and that any contractual agreement between CCA and the State of Hawaii is not determinative); <u>Davis v. State of Hawaii</u>, Civ. No. 08-00434 JMS-BMK, 2009 WL 1227841, at *4 (D. Hawaii May 4, 2009) (concluding that venue was proper in Arizona where the Hawaii state prisoner/plaintiff was incarcerated and where he allegedly was prevented from practicing his Native Hawaiian religion); <u>See v. Corrections Corporation of America (CCA)</u>, 525 F. Supp. 2d 1238, 1242 (D. Hawaii 2007) (rejecting plaintiff's argument that venue was proper in Hawaii based on the contract between CCA and the Hawaii Department of Public Safety (DPS) and the latter's responsibility to monitor the treatment of Hawaii inmates, concluding that venue was proper in Mississippi where plaintiff allegedly sustained injuries when he was attacked by other inmates).

Therefore, should plaintiff seek to pursue his claims against the named Arizona defendants (Warden MacDonald, Associate Warden Stansel, Principal Carr and Vice-Principals Prince and Del Sordi), he must file a new action in the U.S. District Court for the District of Arizona.

**V.  Other Matters**

Plaintiff has filed a request for the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack

5

of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances, in particular, the likelihood of success on the merits.  Therefore, plaintiff's motion for appointment of counsel will be denied.

Plaintiff has also filed two motions to amend and expand his complaint.  In his first such motion, plaintiff seeks to correct the spelling of defendant Del Sorte's name[1], to add additional defendants who are employed at La Palma Correctional Center, and to provide additional allegations concerning his attempts to use the recreational and law library at LPCC.  (ECF No. 8.)  In his second motion, plaintiff seeks to substitute defendant CDCR Director Cate with his successor Jeffery Beard, to include additional allegations concerning the rules for law library access at LPCC, and a fourth claim for relief based on his First Amendment right to petition the government for redress and his right to freedom of expression.  (ECF No. 9.)

Plaintiff's motions will be denied without prejudice as unnecessary.  Should plaintiff elect to pursue this action by submitting the filing fee or in forma pauperis application, plaintiff may file an amended complaint without leave of court.  See Rule 15(a) of the Federal Rules of Civil Procedure (a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served).

If he elects to file an amended complaint in this court despite the court's indication that it would likely be subject to dismissal, plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

---

[1] The correct spelling for defendant is "Del Sordi."  (ECF No. 8, ¶ 2 at 1.)

Lastly, a request to file an amicus brief has been filed by inmate Earl Cannedy who is also incarcerated at the LPCC. (ECF No. 7.) Mr. Cannedy provides an affidavit concerning his attempt to access the law library on April 17, 2012, and his inmate grievance. In light of the court's finding that venue is not proper in this court with respect to plaintiff's claims concerning the new procedures for law and recreational library use at LPCC in Arizona, this request will be denied. In addition, it appears that any amicus brief filed by inmate Cannedy would likely only duplicate the factual information plaintiff has already provided in his complaint. See Gabriel Technologies Corp. v. Qualocomm Inc., Civil No. 08CV1992 AJB (MDD), 2012 WL 849167 at *4 (S.D. Cal. Mar. 13, 2012) ("District courts have discretion to accept amicus briefs from non-parties concerning legal issues that have possible ramifications beyond the parties directly involved in the case or if the amicus has unique information or perspective that can help the court . . . . An amicus brief is meant to assist the court and not merely extend the length of the litigant's brief.") (internal quotation marks and citation omitted).

**VI. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Should plaintiff elect to proceed with this action in this court, he shall submit, within thirty days from the date of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order;

2. Plaintiff's August 1, 2012 motion for the appointment of counsel (ECF No. 2) is denied;

3. Plaintiff's November 1, 2012 and March 20, 2013 motions to amend and expand his complaint (ECF Nos. 8 & 9) are denied as unnecessary;

4. Should plaintiff elect to proceed with this action in this court, within thirty days from the date of service of this order, he shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

/////

     5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

     6. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a State Prisoner, and a copy of the court's form complaint for a § 1983 action.

Dated: July 18, 2013

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tilt2020.3a+