UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL TILTON,

    Plaintiff,

  v.

EDMUND G. BROWN, et al.,

    Defendants.

No. 2:12-cv-02020 LKK DAD P

ORDER

Plaintiff, a California state prisoner incarcerated at the La Palma Correctional Center in Eloy, Arizona, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.[1] Before the court are plaintiff's motions for reconsideration of two court orders as well as for a stay and abeyance of these proceedings. (ECF No. 16.)

/////

/////

/////

---

[1] In his original complaint, plaintiff named defendants located in both California and Arizona. California defendants Governor Brown, Secretary Cate of the California Department of Corrections and Rehabilitation (CDCR), Chief Deputy Kernan of the CDCR, and Chief Harmon in charge of Contract Beds Unit for the CDCR, were sued in both their official and individual capacities. Plaintiff also named Arizona defendants Warden MacDonald, Associate Warden Stansel, Principal Carr, and Vice-Principals Prince and Del Sorte, all of whom work at the La Palma Correctional Center.

1

**PLAINTIFF'S ARGUMENTS**

**I. Motion for Reconsideration of the Court's August 28, 2013 Order**

On August 13, 2013, plaintiff filed a motion for reconsideration of the assigned Magistrate Judge's July 19, 2013 order requiring plaintiff to submit the required filing fee or an application to proceed in forma pauperis, denying plaintiff's motion for the appointment of counsel, and directing plaintiff to file an amended complaint. (ECF Nos. 13 & 10.)  In his July 19, 2013 order the assigned Magistrate Judge also advised plaintiff that the California defendants sued in their official capacity were immune from such suit under the Eleventh Amendment. On August 28, 2013, the court denied plaintiff's motion for reconsideration of the Magistrate Judge's order. (ECF No. 13.)

Plaintiff now seeks reconsideration of the court's August 28, 2013, denying his motion for reconsideration.  Therein, plaintiff again argues that the Magistrate Judge erred in several respects in his July 19, 2013 order.[2]

**II. Motion for Reconsideration of Magistrate Judge's September 5, 2013 Order**

In an order filed September 5, 2013 (ECF No. 14), the assigned Magistrate Judge granted plaintiff's request to proceed in forma pauperis and ordered plaintiff to file his amended complaint within thirty days.  The Magistrate Judge also advised plaintiff that in light of the court's August 28, 2013 order denying reconsideration of the Magistrate Judge's July 19, 2013 order, plaintiff should not name the Arizona defendants in any amended complaint he elected to file in this action.

---

[2]  According to plaintiff, the Magistrate Judge erred in assuming that the challenged regulations concerning use of the La Palma libraries were promulgated and implemented by officials at La Palma Correctional Center.  He also contends that La Palma's regulations are inconsistent with California prison library regulations, the Equal Protection Clause and the Fourteenth Amendment and that the California defendants had knowledge of La Palma's offending regulations.  Plaintiff argues that he has not sued the California defendants based solely on their supervisory positions and that as a citizen of California he is entitled to the same library privileges provided to California prisoners at other facilities operated by the Corrections Corporation of America (CCA). Plaintiff also disagrees with the Magistrate Judge's findings regarding the proper venue for his claims against the Arizona defendants as well as the directive that under Local Rule 220, any amended complaint must be complete without reference to prior pleadings.  Finally, plaintiff argues that because he is a citizen of California the California defendants do not enjoy Eleventh Amendment immunity.

1  Plaintiff moves this court to reconsider the Magistrate Judge's most recent order as well,
2  repeating all of the arguments noted above.  Plaintiff also argues that requiring plaintiff to
3  separate his claims into two lawsuits - - one in California against California defendants and the
4  other in Arizona against Arizona defendants, would needlessly waste judicial resources and that
5  the claims against the Arizona defendants are "entwined and cannot be adequately separated"
6  from the claims involving the California defendants.  (ECF No. 16 at 21.)

**III.  Motion for Stay and Abeyance**

In his motion for a stay and abeyance, plaintiff seeks to stay the assigned Magistrate Judge's September 5, 2013 order (ECF No. 15) which directed the Warden of La Palma Correctional Center to collect from plaintiff's inmate trust account funds for payment of the filing fee and to forward those payments to the Clerk of the Court.  Plaintiff contends that the order should be stayed until the issues relating to plaintiff's state-citizenship status, the defendant's Eleventh Amendment immunity and the proper venue for this action have been resolved by the court.

**ANALYSIS**

**I. Motion for Reconsideration of August 28, 2013 Order**

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc. 982 F.2d 394, 396 (9th Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983) (en banc).  In seeking reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances . . . claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered

by the court before rendering its original decision[.]" United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks omitted).  To succeed on a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987).

Here, plaintiff requests reconsideration of the court's order denying reconsideration of the Magistrate Judge's screening order.  Plaintiff's motion to reconsider the denial of his prior motion for reconsideration is not based on new or different facts or circumstances, newly discovered evidence, clear error or a change in the controlling law.  Accordingly, the motion will be denied.

**II. Motion for Reconsideration of the Magistrate Judge's September 5, 2013 Order**

Local Rule 303 provides in relevant part as follows:

> **(c) Reconsideration by a District Judge.**  A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties.  Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection.  This request shall be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."
>
> \* \* \*
>
> **(f) Standard of Review.**  The standard that the assigned Judge shall use in all such requests is the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  See Fed. R. Civ. P. 72(a).

Upon review of the entire file, the court finds that it does not appear that the magistrate judge's ruling was clearly erroneous or contrary to law.  Plaintiff was granted leave to file an amended complaint to cure the defects of his original complaint.  In that order the assigned Magistrate Judge provided plaintiff with the legal standards applicable to the claims it appeared he was attempting to pursue.  Plaintiff's motion for reconsideration of that order will be denied and he will be provided a final opportunity to file an amended complaint.

/////

/////

### III. Motion for a Stay and Abeyance

Plaintiff filed his civil rights action in this court and his request for leave to proceed in forma pauperis has been granted by this court. Accordingly, the court's order concerning the payment of the applicable filing fee shall remain in effect despite plaintiff's repeated motions for reconsideration. Accordingly, plaintiff's motion for a stay and abeyance will be denied.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration filed October 10, 2013 (ECF No. 16) is denied in all respects;

2. Plaintiff's motion for a stay and abeyance filed October 10, 2013 (ECF No. 16) is denied;

3. Within thirty days from the date of service of this order, plaintiff shall file his amended complaint. Plaintiff should refer to the court's July 19, 2013 and September 5, 2013 orders for guidance regarding the legal standards governing the claims he is apparently attempting to pursue and the requirements with respect to any amended complaint he may elect to file. Plaintiff's failure to file an amended complaint within the time period provided by this order may result in the dismissal of this action due to plaintiff's failure to prosecute and to abide by the court's orders.

DATED: January 9, 2014.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5