UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TILTON, | No. 2:12-cv-02020 LKK DAD P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner incarcerated at the La Palma Correctional Center in Eloy, Arizona, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's motion seeking an emergency stay of his transfer to another institution.

In his motion, plaintiff seeks an order prohibiting "defendants . . . and any other agents of the State of California" from attempting to transfer plaintiff from the La Palma Correctional Center. (ECF No. 17 at 3.) Plaintiff contends that the requested court order is necessary because he has a motion for stay and abeyance pending before the court while issues relating to the matter of his filing fee, the court's jurisdiction over this action, Eleventh Amendment immunity, and plaintiff's citizenship are resolved. Plaintiff also contends that he has been notified that on November 21, 2013, a hearing will be held to determine if he will be transferred from La Palma to a California institution. Plaintiff asserts the following concerning his "removal" from the La

1

Palma Correctional Center:

> [A]ny forceful removal of the person of Plaintiff . . . would be a violation of the federal kidnapping act, 18 U.S.C. § 1201, et. seq., and would constitute the unlawful removal of the person of Plaintiff from his place of residence for the purpose of interfering with the performance of the function of this Court.

(Id.)

On January 9, 2014, the assigned District Judge denied plaintiff's motion for reconsideration, including plaintiff's motion for a stay of this action. (ECF No. 18.) Therefore, plaintiff's motion for an emergency stay based upon the pendency of his motion for a stay and abeyance has been rendered moot. In addition, the undersigned notes that plaintiff has no constitutional right to be housed at a specific facility. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (Holding that the Constitution does not "guarantee that the convicted prisoner will be placed in any particular prison" and neither does it "protect a duly convicted prisoner against transfer from one institution to another[.]").

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 25, 2013 motion seeking an order prohibiting his transfer from the La Palma Correctional Center (ECF No. 17) is denied as moot. In the interest of justice, plaintiff is granted additional time to file his amended complaint as ordered by the assigned District Judge in the order filed January 9, 2014. (ECF No. 18.) If he wishes to pursue this action, plaintiff shall file his amended complaint on or before February 26, 2014. In the alternative, he may request voluntary dismissal of this action. If plaintiff fails to file an amended complaint or a notice of voluntary dismissal by February 26, 2014, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to abide by the court's orders.

Dated: February 5, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tilt2020.stay