1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL TILTON,                          No.  2:12-cv-02020 LKK DAD P

12                    Plaintiff,

13          v.                                ORDER

14   EDMUND G. BROWN, et al.,

15                    Defendants.

16

17          Plaintiff, currently incarcerated at the Golden State Modified Community Correctional

18   Facility (GSMCCF)[1] in McFarland, California, is proceeding pro se with a civil rights action

19   pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's request for an extension of time to

20   file an amended complaint pursuant to the court's order of January 9, 2014, as well as a motion to

21   amend his complaint.

22   **I. Motion for Extension of Time**

23          Filed concurrently with plaintiff's motion for an extension of time to file his amended

24   complaint is plaintiff's notice of a change of address.  (ECF No. 20.)  Therein, plaintiff notifies

25   the court that he has been moved from the La Palma Correctional Facility in Arizona to

26   _____

27   [1] The Golden State Modified Community Correctional Facility is a private institution operated by
     the GEO Group, Inc. which has a contract with the California Department of Corrections and
28   Rehabilitation.  See www.geogroup.com.

                                                  1

1    MSMCCF.  (Id.).  Good cause appearing, plaintiff's motion for an extension of time (ECF No.

2    21) will be granted and the court will provide him additional time beyond the fourteen days that

3    he has requested in light of his recent transfer.

4    **II. Motion to Amend Complaint**

5          In his motion to amend, plaintiff acknowledges that the Arizona defendants named in his

6    original complaint should not be included in his amended complaint.[2]  However, plaintiff seeks to

7    expand his claims in an amended complaint to include allegations concerning the lack of law

8    library facility and materials at GSMCCF, the institution to which he has recently been

9    transferred.  Plaintiff contends that the issues concerning his lack of law library access at GSMCC

10   "relate back to the original complaint against the California defendants[.]"  (ECF No. 22 at 2.)

11   Plaintiff argues that he should be allowed to include claims concerning conditions at GSMCCF in

12   his amended complaint because that facility has no law library or legal materials, prisoner's

13   access to law library materials for general and priority legal users at that facility are inadequate,

14   law library policies at GSMCCF are established by California Department of Corrections and

15   Rehabilitation (CDCR), and policies for law library access at GSMCCF and at La Palma

16   Correctional Facility, where this civil rights action arose, are similar.  (Id. at 2-3.)

17          Plaintiff's motion to amend seeking to expand this action into one involving the

18   conditions of confinement at two different private institutions will be denied.  The court notes that

19   any possible claims plaintiff could present concerning law library access at GSMCCF arose after

20   the original complaint in this action was filed.[3]  Plaintiff's reliance on the "relation back" doctrine

---

21   [2]  Plaintiff takes the position that any action he could bring against defendants located in Arizona
22   has been rendered moot by his recent transfer from the La Palma Correctional Facility in Arizona,
     back to California.  As the court explained to plaintiff in its orders filed on July 19, 2013 and
23   September 5, 2013 (and subsequently affirmed by the assigned District Judge on January 9, 2014
     on motion for reconsideration), the Arizona defendants should not be named in any amended
24   complaint plaintiff may elect to file in this action because proper venue for any claims against
     those defendants is not in this court.  Rather, as plaintiff was advised, any claims against Arizona
25   defendants must be brought in a new action filed by plaintiff in the U.S. District Court for the
26   District of Arizona.

27   [3]  If plaintiff wishes to pursue claims regarding the lack of law library access or other conditions
     of confinement at GSMCCF, he may do so by filing a separate civil rights action in the Fresno
28   Division of the U.S. District Court for the Eastern District of California.

1   in support of his motion to amend is misplaced since that doctrine is "intimately connected with

2   the policy of the statute of limitations" (Rule 15, Advisory Committee Notes, 1966 Amendment)

3   and has no application here.  Once again, the court advises plaintiff that in any amended

4   complaint he elects to file in this civil rights action he must limit himself to claims related to the

5   library access policies or other conditions of confinement at the La Palma Correctional Center

6   against only defendants located in California.  (See Orders filed July 19, 2013 and Sept. 5, 2013

7   (ECF Nos. 10 & 14)).  Plaintiff has also been advised in those previous orders regarding the

8   requirements with respect to any amended complaint he may elect to file, including the principle

9   that the involvement in the claimed constitutional violation of any supervisory defendants named

10   in the amended complaint must be specifically alleged.

11   **III. Legal Standard Governing a Claim that Access to the Courts Has Been Denied**

12          Plaintiff is also advised that the Ninth Circuit has identified two types of access to court

13   claims:  "those involving prisoners' right to affirmative assistance and those involving prisoners'

14   rights to litigate without active interference."  Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir.

15   2011).  As to a prisoner's right to affirmative assistance, the right of access to the courts requires

16   prison officials to assist prisoners "in the preparation and filing of meaningful legal papers by

17   providing prisoners with adequate law libraries or adequate assistance from persons trained in the

18   law."  Id. (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).  As to a prisoner's right to

19   litigate without active interference, the right of access to the courts "forbids states from

20   'erect[ing] barriers that impede the right of access of incarcerated persons" to file civil actions

21   that have a "reasonable basis in law or fact."  Id. at 1102 (quoting Snyder v. Nolen, 380 F.3d 279,

22   290 (7th Cir. 2004) & John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)).  A prisoner claiming

23   a denial of access to the courts must allege the anticipated or lost underlying cause of action as

24   well an "actual injury," – "that is 'actual prejudice with respect to contemplated or existing

25   litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis v. Casey,

26   518 U.S. 343, 348 (1996).  See also Christopher v. Harbury, 536 U.S. 403, 415 (2002); Nevada

27   Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

28   /////

**IV. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 28, 2014 motion for an extension of time (ECF No. 21) is granted;

2. Plaintiff shall file any amended complaint in this action within fourteen days from the service of this order and shall take heed of the guidance set forth in the court's orders filed on July 19, 2013 and September 5, 2013; and

3. Plaintiff's February 28, 2014 motion to amend (ECF No. 22) is denied.

Dated:  March 26, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tilt2020.mta

4